# JEFF. HILDRETH,

### v.

# THE PEOPLE OF THE STATE OF ILLINOIS.

1. VERDICT — *on conviction for larceny.* A party was indicted for stealing twelve hundred and seventy dollars in current bank bills of the value of $1,270. The jury found him "guilty of larceny of twelve hundred and seventy dollars, as charged in the indictment." This was a sufficient finding of the value of the property stolen.

2. EVIDENCE IN CRIMINAL CASES — *what is proof of genuineness of money stolen.* Upon the trial of a party charged with stealing current bank bills, the genuineness of the bills is fully proven by evidence that they passed at only one per cent. discount.

WRIT OF ERROR to the Recorder's Court of the city of Chicago; the Hon. ROBERT S. WILSON, Judge, presiding.

The plaintiff in error, Jeff. Hildreth, was tried at the June Term, 1862, of the court below, upon an indictment charging him with having stolen ten one hundred dollar bank bills, and twelve hundred and seventy dollars in current bank bills, of the value of $1,270.

The only question made upon the evidence was, whether it was sufficiently proven that the bank bills which were stolen, were genuine. On this subject, Mr. J. Conrad testified, that he had been a banker for five years, and upon examining the bills in question, stated that they were current funds in Chicago, and were worth one hundred cents on the dollar. It was further proven, that the bills passed at but one per cent. discount.

The jury returned a verdict of guilty, in these words:

"We, the jury, find the defendant guilty of larceny of twelve hundred and seventy dollars, as charged in the indictment, and fix his punishment at three years in the State penitentiary."

A motion for a new trial was overruled, and a judgment entered upon the verdict.

The defendant sued out this writ of error, and now alleges:

1. That the bank bills charged to have been stolen were not proven to be genuine; and,

2. That the verdict was insufficient in not finding the value of the property.

Mr. E. VAN BUREN, for the plaintiff in error.

1. The verdict is defective, because it is too general. It should have found the property stolen and its *value*. 1 Scam. R. 392; 3 Gilm. R. 33.

2. The judgment should be reversed, because there is no evidence that the bills were genuine; nor the existence of the bank that issued them. It seems, from the testimony, the bills purported to be issued by banks of other states. 3 Greenlf. Ev. 153.

Mr. D. P. JONES, State's attorney, for the people.

Bank notes are considered and treated as money, and the true rule of their value, as respects the graduating of the offense of larceny, is the sum which upon their face they promise to pay. 2 Har. & Gill. R. 407.

The record shows that the bills stolen were current money and that the discount on them was not more than one per cent. This is presumptive evidence of the existence of the bank and genuineness of the bills. 4 Denio, 364; 3 Greenlf. Ev., 153.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It is urged that the verdict in this case is not sufficient to sustain the judgment. It is this: "We, the jury, find the defendant guilty of larceny, of twelve hundred and seventy dollars, as charged in the indictment, and fix his punishment at three years in the state penitentiary." It is true the verdict does not, in terms, find the value of the money stolen. But it finds that he was guilty of stealing a certain number of dollars, and as dollars indicate a fixed and precise value, the verdict is as certain in that respect as if they had found the worth of the money. The indictment charges that the defendant stole so many dollars in bank bills, and the jury find that he was guilty of the larceny of that number of

dollars. This was, although not strictly in form, sufficient in substance.

The evidence was sufficient to warrant the finding of the jury. It showed that the bills passed at but one per cent. discount, and this was a fact which clearly established that the bills were genuine. We know that spurious and broken bank bills do not circulate, and never pass at so small a discount. It is only genuine bills, on solvent banks, that circulate as money. When it was proved that these bills were at but one per cent. discount, that was ample evidence under which to find the bills genuine.

The judgment of the court below is affirmed.

*Judgment affirmed.*